IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE R. GOODWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-688-R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff filed this action seeking review of the decision of the Commissioner denying her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 25, 2008, Judge Purcell issued a Report and Recommendation, wherein he recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation. As a result, the Court must conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection.

In reviewing the decision of an administrative law judge, the Court must "determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). In this case, the administrative law judge concluded that Plaintiff was not disabled at step two of the five-step sequential analysis, that is she concluded that Plaintiff did not

suffer from any severe impairments. Plaintiff contends that the administrative law judge's decision is not supported by substantial evidence because the administrative law judge erred in her treatment of Plaintiff's disability rating from the Department of Veterans Affairs ("VA") and the administrative law judge erred in assessing the severity of her impairments.

In support of her contention that the administrative law judge failed to properly address her prior award of benefits from the VA, Plaintiff relies on *Grogan v. Barnhart*, 399 F.3d 1257 (10th Cir. 2005). Therein the Tenth Circuit noted that a VA disability determination is not binding on the Social Security Administration. *Id.* at 1262. The Court noted, however, that such a determination "is evidence that the [administrative law judge] must consider and explain why [she] did not find it persuasive." *Id.* at 1262-63 (quoting *Baca v. Dep't of Health & Human Servs*. 5 F.3d 476, 480 (10th Cir. 1993)). In this case, the administrative law judge stated the following with regard to Plaintiff's VA benefits.

> The claimant was awarded 70% service connected disability by the Department of Veterans Affairs because of posttraumatic stress disorder (PTSD). Pursuant to 20 C.F.R. 404.1504, a decision by any other governmental agency about whether you are disabled is based on its rules and is not our decision about whether you are disabled. We must make a disability determination based on social security law. Therefore, a determination made by another agency that you are disabled is not binding on us.

This discussion is clearly insufficient under *Grogan*, and this Court is not permitted to supply explanation to support the administrative law judge's disregard of the VA's opinion. *Id.* ([T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."). Furthermore, as in *Grogan*, when an administrative law judge makes a step two

determination that an impairment is not severe and fails to discuss the significance of the VA's disability evaluation, the error requires remand. *Id.*

The Tenth Circuit revisited the issue in *Kanelakos v. Astrue*, 249 Fed. Appx. 6 (10th Cir. Sept. 12, 2007), a case further supporting the conclusion that the administrative law judge's analysis was insufficient. Therein the Court noted the requirement that an administrative law judge consider and explain why a VA disability determination was not persuasive. The Court concluded that remand was necessary because although the "[administrative law judge] mentioned the VA rating and appropriately stated that the SSA and VA rating standards differ . . . [h]e completely 'fail[ed] to discuss the significance of the VA's disability evaluation." *Id* at *8 (quoting *Grogan*, 399 F.3d at 1263). Although Judge Purcell concluded otherwise, the undersigned concludes that the administrative law judge's decision fails to comply with the requirements of *Grogan* because she did not discuss the significance of the disability evaluation. Accordingly, the Court declines to adopt the Report and Recommendation.

The administrative law judge's failure to address the VA's disability determination in conjunction with her finding at step two that Plaintiff did not suffer any severe impairments requires reversal and remand of this matter to the Commissioner for additional proceedings. The Court therefore will not consider in depth Plaintiff's contention that she indeed suffers from a severe impairment at step two. The Court notes the *de minimis* standard applicable at step two and encourages the Commissioner to apply the appropriate standard on remand in assessing Plaintiff's impairments.

For the reasons set forth herein, the Court declines to adopt the Report and Recommendation and this matter is reversed and remanded to the Commissioner for additional proceedings consistent herewith.

IT IS SO ORDERED this 16th day of April 2008.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE